UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RACHEL DUBOIS, ET AL.                     CIVIL ACTION

VERSUS                                    NO. 15-1097

SOUTHERN FIDELITY INSURANCE               SECTION "B"(2)
COMPANY

<u>ORDER AND REASONS</u>

I.   **NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendant's, Southern Fidelity Insurance Company ("SFIC"), "Motion for Partial Summary Judgment" (Rec. Doc. 15), Plaintiffs', Adrien Dubois and Rachel Dubois, opposition thereto (Rec. Doc. 27), as well as Defendant's reply (Rec. Doc. 31). Defendant SFIC seeks partial summary judgment pursuant to Fed. R. Civ. P. 56(c), dismissing with prejudice at Plaintiffs' costs Plaintiffs' claims for statutory penalties and attorney fees pursuant to La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973. As set forth more fully below, **IT IS ORDERED** that Defendant's Motion is **GRANTED.**

II.  **FACTS AND PROCEDURAL HISTORY**

The undisputed facts are as follows. Plaintiffs allege that they own immovable property in Jefferson Parish ("the Properties"), for which they purchased Louisiana homeowners policies of insurance from SFIC ("the Policies"). (Rec. Doc. 1-3

at 1).[1] On February 24, 2013, the Properties allegedly suffered extensive damages as a result of a hailstorm and Plaintiffs subsequently met with adjusters assigned to them by SFIC. (Rec. Doc. 1-3 at 2; Rec. Doc. 15-4 at 1). As will be discussed in further detail, SFIC paid to Plaintiffs the undisputed amounts that were published in the adjusters' reports and, approximately fifteen months later, Plaintiffs made formal demands for additional payment under the Policies. (Rec. Doc. 15-4 at 1-5).[2] Plaintiffs have not received payment for those demands. (Rec. Doc. 1-3 at 1).

Prior to the hailstorm damage, the Properties allegedly sustained damages during Hurricane Isaac on August 29, 2012. (Rec. Doc. 15-4 at 4). The Properties were then damaged by the hailstorm approximately six months later and the respective notice of losses for this event were filed on March 29, 2013 and April 2, 2013. (Rec. Doc. 15-4 at 1-4). Pursuant to those notices, SFIC contacted National Claims Adjusters, LLC to inspect the Properties and the inspections subsequently took place on April 1, 2013 and April 4, 2013. (Rec. Doc. 15-4 at 1-4). On April 4, 2013 and April 5, 2013,

---

[1] The properties and policies are as follows: 2832 Barataria Boulevard, Marrero, Louisiana (Policy No. LVD 10060170117), 2838 Barataria Boulevard, Marrero, Louisiana (Policy No. LVD 10060180117), 2900 Barataria Boulevard, Marrero, Louisiana (Policy No. LVD 10060190117), 2904 Barataria Boulevard, Marrero, Louisiana (Policy No. LVD 10079590017), and 2953 Mt. Kennedy Drive, Marrero, Louisiana (Policy No. LVD 10051100117). (Rec. Doc. 1-3 at 1-2).
[2] As will be discussed later, these demands reference the date of the hailstorm, but state that they are pursuant to the "evaluation of the Hurricane Isaac damage[.]" (Rec. Doc. 1-5 at 1; Rec. Doc. 1-6 at 1; Rec. Doc. 1-7 at 1; Rec. Doc. 1-8 at 1; Rec. Doc. 1-9 at 1).

SFIC paid the undisputed amounts of damages listed in the reports, less the recoverable depreciations and the deductibles. (Rec. Doc. 15-4 at 1-4).

After SFIC made payment to Plaintiffs, Plaintiffs contacted Wolfman Construction on May 9, 2013 to prepare estimates for the hailstorm damage to the Properties. (Rec. Doc. 15-4 at 5). Plaintiffs did not immediately provide these estimates to SFIC and instead instituted legal proceedings that same day, seeking payment for the Hurricane Isaac damages. (Rec. Doc. 15-4 at 4). *See also Dubois v. S. Fid. Ins. Co.*, No. 13-4859 (E.D. La. dismissed Apr. 30, 2014). Though this suit was filed in the 24th Judicial District Court for the Parish of Jefferson, it was removed to this Court, where it was first dismissed without prejudice pursuant to a settlement agreement on November 22, 2013, and later dismissed with prejudice on April 30, 2014. *See* Notice of Removal, *Dubois*, No. 13-4859 (Rec. Doc. 1-3 at 1); Order of Dismissal, *Dubois*, No. 13-4859 (Rec. Doc. 11); Order, *Dubois*, No. 13-4859 (Rec. Doc. 14).

It was not until over two months after this final dismissal, on July 10, 2014, that Plaintiffs made formal demands for payment for hailstorm damages and provided SFIC with Wolfman's estimates – over one year after their initial preparation. (Rec. Doc. 15-4 at 5). Those demands referenced the date of the hailstorm, but stated that they were pursuant to the "evaluation of the Hurricane

3

Isaac damage[.]" (Rec. Doc. 1-5 at 1; Rec. Doc. 1-6 at 1; Rec. Doc. 1-7 at 1; Rec. Doc. 1-8 at 1; Rec. Doc. 1-9 at 1). On September 23, 2014, SFIC replied that Plaintiffs' "claims [for Hurricane Isaac damages against SFIC] were all settled during a settlement conference conducted by the Magistrate Judge." (Rec. Doc. 15-33 at 1). SFIC further stated that it was "investigating these hailstorm claims while reserving all of its rights under the Policy." (Rec. Doc. 15-33 at 1). The communication from SFIC also referenced the Plaintiffs' duties under the Policies to submit to an examination under oath ("EUO"), keep an accurate record of repair expenses, and provide records and documents requested by SFIC. (Rec. Doc. 15-33 at 1). The Policies each have a provision that states that "[n]o action can be brought [against SFIC] unless the policy provisions have been complied with and the action is started within two years after the date of loss." (Rec. Doc. 15-4 at 6). Plaintiffs do not dispute this provision nor do they dispute that they provided no documentation at their EUOs. (Rec. Doc. 15-4 at 5).

On February 24, 2015, exactly two years after the hailstorm, Plaintiffs filed suit in the 24th Judicial District Court for the Parish of Jefferson. (Rec. Doc. 1-3; Rec. Doc. 15-4 at 1). Plaintiffs allege that they are entitled to compensation for the hailstorm damage under the Policies and that they are likewise entitled to statutory penalties and attorney fees because SFIC

acted in an arbitrary and capricious manner by failing to make a good faith tender on covered losses. (Rec. Doc. 1-3 at 2). Defendant SFIC removed the action to this Court based on 28 U.S.C. § 1331(a) and 28 U.S.C. § 1441(a), (b), as Plaintiff is domiciled in Louisiana, Defendant is a foreign insurer that is incorporated and has its principal place of business in Florida, and the Plaintiffs' estimate of damages exceeds $75,000,000. (Rec. Doc. 1 at 2-3).

## III. CONTENTIONS OF MOVANT

Defendant argues that Plaintiffs have not provided sufficient facts in order to recover statutory penalties and attorney fees, primarily because they have not proven that Defendant acted arbitrarily, capriciously, or without probable cause. In support of this argument, Defendant maintains that it timely initiated loss adjustment and timely evaluated and paid the claim. Defendant also avers that Plaintiffs' bad faith claim cannot be predicated on a legitimate coverage dispute. Finally, Defendant argues that Plaintiffs breached the Policies so as to manufacture the instant claims.

## IV. CONTENTIONS OF OPPONENTS

Plaintiffs argue that Defendant's motion lacks support as it is based on the affidavit of an affiant with no personal knowledge of the factual issues of the case, because he did not actually inspect the Plaintiffs' properties. Further, Plaintiffs aver that

Defendant's conduct in failing to take action was clearly arbitrary and capricious as Plaintiffs submitted proof of a claim with documented damages. Alternatively, Plaintiffs contend that Defendant's motion is premature because discovery in the case is ongoing.

**V.   SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate

the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## VI. DISCUSSION

Under Louisiana law, when an insurer fails to timely pay or make an offer to settle an insured's property damage claim, an insured may recover statutory penalties and attorney fees in addition to the amount found due. Such recovery is only permitted in certain circumstances as governed by La. Rev. Stat. § 22:1892

and La. Rev. Stat. § 22:1973.[3] Those statutes state, in relevant part:

> A. (1) All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. . . .
> (4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim . . . within thirty days after receipt of satisfactory proofs of loss of that claim, . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss . . . fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs [payable to the insured].

La. Stat. Ann. § 22:1892.

> A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties . . .
> (5) Failing to pay the amount of any claim due any person insured by the contract within

---

[3] Previously cited as La. Rev. Stat. § 22:658 and La. Rev. Stat. § 22:1892, respectively.

> sixty days after receipt of satisfactory proof
> of loss from the claimant when such failure is
> arbitrary, capricious, or without probable
> cause. . . .
> C. In addition to any general or special
> damages to which a claimant is entitled for
> breach of the imposed duty, the claimant may
> be awarded penalties assessed against the
> insurer in an amount not to exceed two times
> the damages sustained or five thousand
> dollars, whichever is greater.

La. Stat. Ann. § 22:1973. An insured "seeking to recover under these two statutes has the burden of establishing three things: 1) that the insurer received a satisfactory proof of loss, 2) that the insurer failed to pay the claim within the applicable statutory period, and 3) that the insurer's failure to pay was arbitrary and capricious." *Iteld v. Four Corners Const., L.P.*, 2013-0692, p. 16 (La. App. 4 Cir. 1/30/14); 133 So. 3d 312, 322; *see also Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 787 F.3d 276, 285 (5th Cir. 2015).

Here, we need not assess the first two prongs of this test, because Plaintiffs have failed to prove the third requirement – that Defendant's failure to pay was arbitrary, capricious, or without probable cause. "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." *Lemoine v. Mike Munna, L.L.C.*, 2013-2187, p. 13 (La. App. 1 Cir. 6/6/14); 148 So. 3d 205, 215 (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107, p. 13 (La.

10/21/03); 857 So. 2d 1012, 1021). "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious,' and a 'vexatious refusal to pay' means 'unjustified, without reasonable or probable cause or excuse.'" *Id.* (citing *Louisiana Bag Co. v. Audubon Indem. Co.*, 2008-0453, p. 14 (La. 12/2/08); 999 So. 2d 1104, 1114).

"An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss." *In re Chinese Manufactured Drywall Products Liab. Litig.*, 759 F. Supp. 2d 822, 853 (E.D. La. 2010) (citing *Reed*, 2003-0107, p. 13; 857 So. 2d at 1021). Accordingly, "penalties should not be assessed when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Lemoine*, 2013-2187, pp. 13-14; 148 So. 3d at 215 (citing *Louisiana Bag Co.*, 2008-0453, p. 14; 999 So. 2d at 1114). "[W]hen there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." *Id.* at 14; 148 So. 3d at 215 (citing *Reed*, 2003-0107, p. 13; 857 So. 2d at 1021). "In those instances where there are substantial, reasonable, and legitimate questions as to the extent of an insurer's liability or an insured's loss, failure to pay within the statutory time period is not arbitrary,

capricious or without probable cause." *Id.* (citing *Louisiana Bag Co.*, 2008-0453, p. 14; 999 So. 2d at 1114).[4]

Here, Plaintiffs have not come forth with any evidence to support the assertion that Defendant acted arbitrarily, capriciously, or without probable cause. Plaintiffs' initial complaint and opposition to the instant motion are fleeting efforts to recover additional funds without providing any supporting evidence or law. Plaintiffs' only argument revolves around challenging Defendant's affiant who merely attests to the validity of records supplied by Defendant. (Rec. Doc. 27 at 2). However, it is not necessary that this Court assess the appropriateness of any of Defendant's affidavits for summary judgment grounds when Defendant has highlighted that Plaintiffs have not come forth with any evidence to support the allegation that Defendant acted arbitrarily, capriciously, or without probable cause. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 920 (5th Cir. 1992) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986); citing *Celotex*, 477 U.S. at 324) ("When the record is bare of evidence that would support the pleading allegations of the plaintiff, a defendant 'may rely upon the complete absence of proof of an

---

[4] *See also Gaspard v. S. Farm Bureau Cas. Ins. Co.*, 2013-0800, p. 18 (La. App. 1 Cir. 9/24/14); 155 So. 3d 24, 38 (same); *Mason v. Bankers Ins. Grp.*, 13-704, p. 11 (La. App. 5 Cir. 1/31/14); 134 So. 3d 29, 35, *writ denied*, 2014-0433 (La. 5/2/14); 138 So. 3d 1246, *and writ denied*, 2014-0448 (La. 5/2/14); 138 So. 3d 1250 (same); *Jouve v. State Farm Fire & Cas. Co.*, 2010-1522, p. 9 (La. App. 4 Cir. 8/17/11); 74 So. 3d 220, 226, *writ denied*, 2011-2250 (La. 11/23/11), 76 So. 3d 1157 (same).

essential element of the other party's case' to satisfy this burden and establish his right to summary judgment."). To rebut this absence of proof noted by Defendant, Plaintiffs state, "When proof of claim [sic] with documented damages are submitted to an insurer and no action is taken in response, that is clearly arbitrary and capricious." (Rec. Doc. 27 at 2). Plaintiff cites no law for this assertion, likely because no such law exists.

Further, this Court notes that Plaintiffs' own complaint, as well as Defendant's undisputed statement of uncontested material facts, establish that Defendant had a reasonable basis to not immediately pay or offer to settle Plaintiffs' claims. First, Plaintiffs' initial complaint, which attached as exhibits the demands for payment, made obvious that the demands were unclear as they referenced the date of the hailstorm, but stated that they were pursuant to the "evaluation of the Hurricane Isaac damage[.]" (Rec. Doc. 1-5 at 1; Rec. Doc. 1-6 at 1; Rec. Doc. 1-7 at 1; Rec. Doc. 1-8 at 1; Rec. Doc. 1-9 at 1). Second, Plaintiff has not disputed Defendant's statement of uncontested material facts, which maintains that Defendant had already tendered payment to Plaintiffs shortly after the hailstorm. (Rec. Doc. 15-4 at 1-4). As such, there is evidence (though not required) to support that Defendant had a reasonable basis to defend the claims and that there was a genuine dispute over the amount of the loss so as to bar the assessment of fees.

Finally, Plaintiffs state that "the plaintiffs have not been deposed nor has [sic] any experts, defense or plaintiff." (Rec. Doc. 27 at 1). In light of this, Plaintiffs aver that Defendant's "motion is premature" because "discovery is ongoing in this case. . . . So, in order for this court to be able to have all of the evidence that will be used at trial and make a reasonable decision on whether or not there are genuine issues of material fact that exists [sic], discovery needs to be finalized." (Rec. Doc. 27 at 3). This argument is unpersuasive based on applicable law and the history of this case.

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) motions are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). However, the Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

Though Rule 56(d) motions are "broadly favored" and "liberally granted[,]" *id.*, the Court finds such relief is not warranted here. Of particular import, Plaintiffs have not actually filed a motion pursuant to Rule 56(d). The Fifth Circuit recently declined to grant relief available under Rule 56(d) when no such motion was actually filed. *See Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238 (5th Cir. 2015) (declining to grant Appellant relief when he "never filed a Rule 56(d) motion in response to Appellees' motion for summary judgment, and [did] not identif[y] any discovery that he was unable to take").

Additionally, Plaintiffs have merely suggested that "discovery is ongoing" and "this motion is premature" (Rec. Doc. 27 at 3), but have not "set forth a plausible basis for" this Court to believe that there are "specified facts" that "probably exist" and "will influence the outcome of the pending summary judgment motion." *Raby*, 600 F.3d at 561. Plaintiffs have not pointed to specific facts that they believe are discoverable and dispositive to this motion. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 257 (5th Cir. 2013) (denying Rule 56(d) motion when party "did not articulate specifically what facts he needed to respond to the motion").

Finally, this Court's Scheduling Order states, "Depositions for use at trial shall be taken and all discovery shall be completed **no later than JANUARY 19, 2016**." (Rec. Doc. 7 at 1)

(emphasis added). It goes on to state that "[a]ll case-dispositive pre-trial motions, along with motions in limine regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon **no later than JANUARY 22, 2016**." (Rec. Doc. 7 at 1) (emphasis added). The Order warns, "Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion and upon a showing of good cause." (Rec. Doc. 7 at 3). Though this Court granted Plaintiffs' "Unopposed Motion to Continue Trial" (Rec. Doc. 22), that Order continued solely the trial and pre-trial conference dates and specified that "counsel is warned that such changes are not to impact other pre-trial deadlines and cancellation of pre-trial work that causes an unsanctioned extension of court order deadlines will not be tolerated." (Rec. Doc. 28). It further stated that "[a]ll other deadlines set by this Court's Order (Rec. Doc. 7) and the Federal Rules of Civil Procedure remain the same." (Rec. Doc. 28).

Plaintiffs' opposition, alleging that discovery was "ongoing" and that the motion was consequently "premature," was filed on **Friday, January 15, 2016 at 1:08 p.m. CT**. (*See* Rec. Doc. 27). As such, Plaintiffs' opportunity to complete the "ongoing" discovery had almost lapsed at the time of filing the instant opposition and has most certainly expired now. Likewise, Defendant set its Motion for submission on **January 20, 2016** (the last available motion

submission date prior to the deadline established by the Court's Scheduling Order) and filed it on **January 5, 2016** (the last available date for the submission of a motion pursuant to the Local Rules). This Court fails to find such a motion "premature." Plaintiffs did not move to continue these deadlines, nor do they provide any explanation that would prompt such relief.

**VII. CONCLUSION**

Accordingly, and for the reasons set forth more fully above, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment is **GRANTED** and Plaintiffs' claims for statutory penalties and attorney fees are **DISMISSED WITH PREJUDICE**, at Plaintiffs' costs.

New Orleans, Louisiana, this 28th day of January, 2016.

UNITED STATES DISTRICT JUDGE